```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division
```

| | |
|---|---|
| KENNETH SMITH, | ) |
|     Plaintiff, | ) |
|        v. | )   1:12cv790 (JCC/TRJ) |
| PATRICK R. DONAHOE, Postmaster General, United Postal Service, *et al.*, | ) |
|     Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on *pro se* Plaintiff Kenneth Smith's Motion for Reconsideration (the "Motion"). [Dkt. 23.] For the following reasons, the Court will deny Plaintiff's Motion.

### I. Background

The facts of this case are recounted in the Court's Memorandum Opinion dated January 8, 2013, familiarity with which is presumed. On July 13, 2012, Plaintiff filed a Complaint in this Court against Patrick R. Donahoe, Postmaster General, USPS; Dr. Francis Collins, Director, NIH; and Arne Duncan, Secretary of Education, USDE, bringing suit against these federal agencies and the named officers in their official capacity. [Dkt. 1.] On August 3, 2012, Plaintiff filed an essentially identical Amended Complaint against the same parties, only adding a

1

Certificate of Service. [Dkt. 2.] Plaintiff brought five causes of action against all defendants: (1) a First Amendment retaliation claim under 42 U.S.C. § 1983 (Count I); (2) a First Amendment viewpoint discrimination claim under 42 U.S.C. § 1983 (Count II); a Fourteenth Amendment equal protection claim under 42 U.S.C. § 1983 (Count III); a Title VII religious discrimination claim under 42 U.S.C. § 2000e (Count IV); and a Title II Genetic Information Non-discrimination Act claim purportedly under 42 U.S.C. § 2000e-16c(a). (*Id.* ¶ 30-54.) On November 30, 2012, Defendant filed a motion to dismiss and for summary judgment. [Dkts. 8, 13.] On January 8, 2013, this Court granted that motion, dismissing Counts I-III and V against all Defendants and granting summary judgment to all Defendants on Count IV. [Dkts. 20-21.] On January 17, 2013, Plaintiff filed a Motion for Reconsideration. [Dkt. 23.] Defendants filed their opposition on January 22, 2013. [Dkt. 26.]

Plaintiff's Motion is before the Court.

## II.  Standard of Review

The Federal Rules of Civil Procedure do not provide a vehicle for a motion for reconsideration. Rather, they provide for a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from judgment. Plaintiff does not specify whether he is bringing his Motion pursuant to Rule 59(e) or 60(b). Pursuant to Rule 59(e), "a motion to alter or amend a

judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has interpreted a motion for reconsideration as a motion to alter or amend a judgment pursuant to Rule 59(e) where that motion has been filed within the specified time period. *See Lee-Thomas v. Prince George's County Pub. Sch.*, 666 F.3d 244, 247 n.4 (4th Cir. 2012); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011). Here, Plaintiff's Motion was filed within 28 days of the Court's January 8, 2013 Memorandum Opinion and Order dismissing his Complaint on Counts I-III and V and granting Defendants summary judgment on Count IV. Accordingly, Plaintiff's Motion will be construed as a Rule 59(e) motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e).

The Fourth Circuit has made it clear that "[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)) (internal quotations omitted). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motions should not be used "to raise arguments which could have

3

been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rather, the purpose of Rule 59(e) motion is to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). A Rule 59(e) motion is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

## III.  Analysis

Here, relief from this Court's dismissal of Plaintiff's Complaint on Counts I-III and V and grant of summary judgment in favor of Defendants on Count IV is unwarranted under Rule 59(e). Plaintiff has made no showing of (i) an intervening change in controlling law, (ii) new evidence that was not available to him previously, or (iii) a clear error of law or manifest injustice that would otherwise result. For the reasons set forth in this Court's January 8, 2013 Memorandum Opinion, this Court dismissed Counts I-III against the NIH and USDE for lack of subject matter jurisdiction over those claims against those Defendants due to sovereign immunity; dismissed claims for monetary relief in Counts I-III against the USPS because these

4

claims could not be maintained under Section 1983 or as a *Bivens* action against federal agencies or federal agency officials sued in their official capacities; dismissed claims for injunctive relief in Counts I-III against the USPS for lack of subject matter jurisdiction due to the exclusive remedies provided by the Civil Service Reform Act; dismissed Count V against all Defendants for failure to state a claim for genetic information discrimination; and granted summary judgment to Defendants on Count IV because Plaintiff failed to timely exhaust his administrative remedies.

In his Motion, Plaintiff simply disagrees with this Court's dismissal of Counts I-III and V and grant of summary judgment on Count IV, and accordingly, the proper avenue for contesting the dismissal on this ground is to appeal the decision to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal within 60 days of the entry of the Court's January 8, 2013 Order, as stated in that Order.

## IV. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| January 23, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |